MANFORD BEALS, DBA MANNY'S, APPELLANT, v. THE COUNTY OF DOUGLAS, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENT.

No. 8666

March 17, 1977                              560 P.2d 1373

[Rehearing denied April 25, 1977]

*Carl F. Martillaro,* Carson City, for Appellant.

*Howard D. McKibben,* District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

On July 1, 1971, Douglas County enacted Ordinance No. 183, commonly known as the Douglas County Advertising Control Ordinance. The Ordinance provides, among other things, that (1) nonconforming signs must either be modified to meet prescribed standards or removed within a specified period of time; (2) nonconforming signs will be valued by the County Building Inspector and such value may be amortized over the period specified for nonconforming use; and, (3) nonconforming signs maintained in violation of the Ordinance are a public nuisance to be removed and abated in the manner provided by law.

On January 5, 1972, the County Building Inspector gave appellant written Notices of Noncompliance. Included in the Notices were valuations for several nonconforming signs. Appellant registered no objections, but instead, ignored the Notices and continued to maintain his nonconforming signs. Pursuant to the Ordinance, the Douglas County Commissioners declared appellant's signs a public nuisance and moved for and were granted an order requiring appellant to remove his signs. Appellant has appealed from that order.

Appellant's only cognizable contention is that the amortization schedule deprives him of property rights without due process of law and just compensation. We do not agree. Amortization of nonconforming signs has received widespread acceptance as a constitutionally permissible method of effectuating the removal of signs while properly safeguarding constitutional rights, due process, and just compensation. See: E. B. Elliott Adv. Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir. 1970). Accord, Markham Advertising Company v. State, 439 P.2d 248 (Wash. 1968); Naegele Outdoor Adv. Co. v. Village of Minnetonka, 162 N.W.2d 206 (Minn. 1968); Grant v. Mayor and City Council of Baltimore, 129 A.2d 363 (Md. 1957); and City of Los Angeles v. Gage, 274 P.2d 34 (Cal.App. 1954). Accordingly, we affirm the district court order.